IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JAMES ANDREW BLATT, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CENTRAL INTELLIGENCE | : | NO. 18-1260 |
| AGENCY, *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

**JOYNER, J.** APRIL 3, 2018

Plaintiff James Andrew Blatt, proceeding *pro se*, has filed this civil action against the Central Intelligence Agency and "Unknown Named Agents of the CIA." He has also filed a Motion to Proceed *In Forma Pauperis* as well as a Consolidated Motion for Leave to File an Amended Complaint and for the Appointment of Counsel, to which his Amended Complaint is attached. For the following reasons, the Court will grant Mr. Blatt leave to proceed *in forma pauperis*, grant his Motion for Leave to File an Amended Complaint, deny his Motion for the Appointment of Counsel, and dismiss his Complaint and Amended Complaint as frivolous.

**I. FACTS[1]**

Mr. Blatt alleges that eleven (11) years ago, he was with "two cohorts" in Ocean City, Maryland. (Am. Compl. at 2.) One of his cohorts was "flashing a pellet gun . . . at motorists for amusement." (*Id.*) According to Mr. Blatt, a CIA officer was following him, and that officer "waved a gun back at [him] and his cohorts." (*Id.*) He contends that "instead of methodically

---

[1] The facts are taken from the Amended Complaint, as Mr. Blatt notes that the Amended Complaint "cures the defective RICO claim and bolsters his [United Nations Convention Against Torture] claim." (Consolidated Motion at 1.)

1

executing we three criminals back in ca. 2007, the CIA Officer bolstered his preexisting ill will and resentment towards [him]." (*Id.*) According to Mr. Blatt, he has "been followed the majority of his life (in excess of 21 years) by this master spy . . . and his operatives living locally to the Lehigh Valley, PA." (*Id.* at 3.)

On November 25, 2016, Mr. Blatt was celebrating Thanksgiving with his family. (*Id.*) He ate "a ball of mozzarella cheese with tomato" and "became profoundly disrupted in his bodily functioning in that [he] simply could not stop walking on account of chemically induced overabundant neurological stimulation from the dosed mozzarella." (*Id.*) According to Mr. Blatt, CIA agents "dosed [his] mozzarella with [a] heinous stimulant drug which caused [him] to nearly walk headlong into moving traffic on the street." (*Id.*)

Mr. Blatt further alleges that CIA agents poisoned him by placing "radioactive/nuclear dust" on his car's steering wheel. (*Id.*) They also used his prescribed medication to poison him and cause him to experience a racing pulse. (*Id.* at 4.) According to Mr. Blatt, he would have "died by nuclear poisoning" if he had not received intravenous fluids on several occasions. (*Id.*) These poisons "caused neuronal changes in his brain which disrupted his personality on or about February 20, 2017 and are discerned and/or felt by said tingling sensations emanating down, and more generally all around, [his] scalp." (*Id.*) His eyesight has also been disrupted from these nuclear poisons. (*Id.* at 5.)

According to Mr. Blatt, the CIA has also "dupe[d] [his] pharmacist . . . into using their indistinguishable counterfeits as the medication dispensed to [him]." (*Id.* at 6.) On February 28, 2018, Mr. Blatt took one of these pills, which caused him "to have, for about 3 hours, a paralyzed, drooping and depressed looking face (like a stroke patient) and a dull, monotone voice." (*Id.* at 5.) While at Northampton Community College, Mr. Blatt "perceived the walls as

caving in on him and the ceiling as being mere inches above his head." (*Id.*) His "personality was radically undone and [he] felt he was in critical need of a hospital." (*Id.*)

Mr. Blatt alleges that Defendants' actions have violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the United Nations' Convention Against Torture. With respect to his RICO claim, he alleges that his

> concrete financial loss is the $120.00 USD it will take to replace [his] vintage Levi "forever in blue jeans" blue jeans, which defendant CIA Agents custom tailored in repeated burglaries (their trespasses) to plaintiff's rented property . . . . Defendant's CIA Agents downsized one pair of [his] vintage Levi's from a marked size 32" waist to a size 28" waist and another from a marked size 31" waist to a size 29" waist, neither of which fit [his] 31" waist (as measured by [him] on or about 3/1/2018).

(*Id.* at 7.) He also vaguely raises claims of negligent and intentional infliction of emotional distress as well as harassment. As relief, Mr. Blatt requests $1,500,000.00 and "a memorandum of understanding stipulating use of immunity to solve any homicide of James Andrew Blatt." (*Id.* at 8.)

## II. STANDARD OF REVIEW

The Court will grant Mr. Blatt leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the Complaint and Amended Complaint if they are frivolous or fail to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Mr. Blatt is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III.  DISCUSSION

At the outset, the Court notes that Mr. Blatt's allegations rise to the level of being delusional. Reading the Complaint and Amended Complaint together, the Court concludes that Mr. Blatt's claims and allegations are primarily based upon his own paranoid, irrational thoughts. For that reason, the Court will dismiss the Complaint and Amended Complaint as factually frivolous.

Moreover, the Complaint and Amended Complaint simply fail to state a claim for relief. First, the United Nations Convention Against Torture has no application to this case. *See Brown v. Victor*, 337 F. App'x 239, 240 (3d Cir. 2009) (per curiam) (noting that the Convention Against Torture "does not create judicially-enforceable rights unless it is first given effect by implementing legislation" and that the "domestic laws implementing the treaty do not provide civil redress for torture within the United States"); *Pierre v. Att'y Gen. of U.S.*, 528 F.3d 180, 184-85 (3d Cir. 2008) (en banc) (the Convention Against Torture prohibits extradition of a person to another country where there are substantial grounds for believing he or she would be in danger of being subjected to torture). Moreover, while the federal civil RICO statute provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter[, which prohibits racketeering activity,] may sue therefor in any appropriate United

4

States district court . . . ." 18 U.S.C. § 1964(c), nothing in either the Complaint or the Amended Complaint provides a plausible, non-speculative basis for concluding that Mr. Blatt suffered injury to business or property that would give him standing to raise a RICO claim. *See Clark v. Conahan*, 737 F. Supp. 2d 239, 255 (M.D. Pa. 2010) (explaining that "injury for RICO purposes requires proof of concrete financial loss, not mere injury to an intangible property interest"); *see also Magnum v. Archdiocese of Phila.*, 253 F. App'x 224, 229 (3d Cir. 2007) ("A plaintiff alleging a civil RICO violation under *either* § 1962(c) or (d) must plead a cognizable injury to 'business or property' under § 1964(c)."). Instead, Mr. Blatt's RICO claim is based upon his delusional belief that he will have to spend $120.00 to replace his blue jeans because CIA agents have altered the waist sizes. Finally, Mr. Blatt has not stated plausible claims for harassment or infliction of emotional distress, as those claims for relief are entirely based upon his delusional and frivolous allegations.

IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Blatt's Motion to Proceed *In Forma Pauperis*. Mr. Blatt's Consolidated Motion for Leave to File an Amended Complaint and for the Appointment of Counsel will be granted to the extent it requests leave to file an amended complaint and denied to the extent it requests the appointment of counsel. The Court will dismiss Mr. Blatt's Complaint and Amended Complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Mr. Blatt will not be permitted to file a second amended complaint as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows, which shall be docketed separately.